**314**

KONICA BUSINESS MACHINES,
Plaintiff–Appellee,

v.

The VESSEL SEA–LAND CONSUMER,
Her Engines, Tackle, Apparel, Furni-
ture, and Appurtenances, In Rem, De-
fendant,

and

Sea–Land Service, Inc., Claimant–
Appellant.

No. 93–55426.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 1994.

Memorandum filed Oct. 24, 1994.

Order and Opinion filed Feb. 3, 1995.

* Honorable Samuel P. King, Senior United States
District Judge for the District of Hawaii, sitting

Chester D. Hooper, Haight, Gardner, Poor
& Havens, New York City, for claimant-
appellant.

Michael W. Lodwick, Fisher & Porter,
Long Beach, CA, for plaintiff-appellee.

Before: NELSON and NOONAN, Circuit
Judges, and KING,* District Judge.

**ORDER**

The memorandum filed on October 24,
1994 is redesignated as an authored opinion.

**OPINION**

KING, Senior District Judge:

Sea–Land Service, Inc. ("Sea–Land") ap-
peals the district court's grant of summary
judgment in favor of Konica Business Ma-
chines ("Konica") in Konica's admiralty ac-
tion pursuant to 28 U.S.C. § 1333 to recover
damages for cargo lost overboard by the
vessel Sea–Land Consumer during a voyage
from Yokohama, Japan to Long Beach, Cali-
fornia in 1991 on which the Konica cargo was
stored in a container above deck. Sea–Land
argues that the district court erred in ruling
that: (1) Konica was entitled to expect be-
low-deck storage under *Ingersoll Mill. Mach.
Co. v. M/V Bodena,* 829 F.2d 293, 299 (2d
Cir.1987), *cert. denied,* 484 U.S. 1042, 108
S.Ct. 774, 98 L.Ed.2d 860 (1988) and *St.
Johns N.F. Shipping Corp. v. S.A. Compan-
hia Geral Commercial do Rio de Janeiro,*
263 U.S. 119, 124, 44 S.Ct. 30, 31, 68 L.Ed.
201 (1923), where the bill of lading issued by
Sea–Land did not contain a statement that
the stowage option had been exercised in
favor of above-deck storage; and (2) Sea–
Land failed to present admissible, relevant
evidence of an agreement permitting the car-
go to be stowed on deck or of a port custom
of above-deck stowage and therefore failed to
overcome the presumption that below-deck

by designation.

stowage was required. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, review de novo, *F.D.I.C. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir.1992), *rev'd on other grounds*, —— U.S. ——, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994), and reverse and remand.

## I.

The undisputed facts are as follows: Konica and Sea–Land entered into a written contract for the carriage of Konica's cargo from Yokohama, Japan to Long Beach, California. This contract of carriage was evidenced by Bill of Lading No. SEAU937875313 issued by defendant Sea–Land and dated November 10, 1991. The bill, as issued, did not contain a statement by Sea–Land that the stowage option retained therein had been exercised in favor of above-deck stowage.

On or about November 12, 1991, in Yokohama, Japan, Sea–Land received from Konica container No. SEAU5299161 ("the container"), said to contain Konica's cargo, for carriage by sea aboard Sea–Land's vessel, the Sea–Land Consumer. Konica's cargo consisted of 44 electrostatic copying machines which were stored within the container. The container fell overboard into the North Pacific Ocean during the voyage, and Sea–Land failed to deliver the cargo to Long Beach.

Konica filed suit on November 22, 1991, and an amended complaint with leave of court on September 14, 1992. The complaint sought money damages for the loss of the cargo in the amount of $230,028.48, the alleged value of the cargo at the time of the loss. Konica filed a motion for summary judgment on December 4, 1992, and the district court granted the motion and entered judgment by order filed February 25, 1993. This appeal followed.

## II.

In *St. Johns N.F. Shipping Corp. v. S.A. Companhia Geral Commercial do Rio de Janeiro*, 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201 (1923), the U.S. Supreme Court held that where a contract of carriage provided for shipment of rosin on or under deck, at ship's option, subject to the terms of the bill of lading, in the absence of a port custom permitting above deck stowage, notwithstanding a clean bill, the issuance of a clean bill of lading amounted to a declaration that the option had been exercised and the goods would go under deck, and the ship is liable as for a deviation for loss by jettison caused by an on deck stowage.

The *St. Johns* court did note two exceptions to the general rule of unreasonable deviation, however, and stated:

> We are not dealing with a case arising under a general port custom permitting above deck stowage notwithstanding a clean bill, with notice of which all shippers are charged. When there is no such custom and no express contract in a form available as evidence, a clean bill of lading imports under deck stowage.

*Id.* Evidence of a custom in the trade is also an exception to the general rule. *See, e.g.,* Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 9–16, at 323 (1987); 2 Raoul Colinvaux, *Carver's Carriage By Sea* 858 (13th ed. 1982) ("Goods ought not to be carried on deck ... unless a custom to carry in that way exists in the particular trade").

Sea–Land argues that the affidavit of Carol Berger, Sea–Land's own Senior Manager of South Pacific Vessel Operations in Long Beach, submitted in opposition to Konica's motion below is sufficient to raise a genuine issue of material fact as to port custom or general usage of the trade so as to prevent the entry of summary judgment. We agree. The Berger affidavit states:

> In my experience with this vessel, with Sea–Land, and with the Japan-to-U.S. West Coast trade lane, I am familiar with the customs and practices of the carriage of containerized cargo on-deck or purpose-built container vessels such as M/V SEA–LAND CONSUMER. Such carriages are made under bills of lading which do not specify on-deck or under-deck carriage according to the customs and practices of the trade.

The affidavit was at least sufficient to establish a dispute as to the existence of either a port or trade custom.

III.

Sea–Land also argues that given the modern prevalence of containerized shipment, on deck stowage should not be considered an unreasonable deviation, and cites to *Du Pont de Nemours International S.A. v. S.S. Mormacvega*, 493 F.2d 97 (2d Cir.1974), where the Second Circuit recognized technological innovation and changes in vessel design and upheld the district court's finding that on deck stowage was a reasonable deviation. The *Mormacvega* court recognized that while a clean bill of lading imports below deck stowage, nevertheless stowage elsewhere will be held to be an unreasonable deviation only when a ship's hold is the ordinary and contemplated stowage area. *Id.* at 103.

Konica argues that pursuant to *Constructores Tecnicos, S. de R.L. v. Sea–Land Service, Inc.*, 945 F.2d 841 (5th Cir.1981), the deviation was unreasonable. *Constructores* is readily distinguishable, however, as the cargo in that case was stored in an open "flat rack" container.

The *Mormacvega* decision is well-reasoned and its rationale is convincing; however, unlike the present case, the *Mormacvega* court had the benefit of specific findings by the district court based upon a thorough record created at trial by the parties. In the present case, although we might be inclined to follow the *Mormacvega* rationale based upon our own general knowledge of shipping developments over the years, that general knowledge is not a substitute for an adequate record before the trial court.

The judgment of the district court is RE-VERSED and the cause is REMANDED for further proceedings consistent with this decision.